COMMONWEALTH *vs.* DONALD P. OUELLETTE.

No. 02-P-765.

Franklin. May 13, 2003. - August 1, 2003.

Present: BROWN, DREBEN, & DOERFER, JJ.

*Practice, Criminal,* Empanelment of jury, Challenge to jurors, Jury and jurors. *Jury and Jurors.*

At a criminal trial, the judge's denial of the defendant's peremptory challenge of a juror was error requiring reversal, where defense counsel's attempt to exercise the challenge was prior to the time the jury was sworn and, therefore, was timely. [713]

INDICTMENT found and returned in the Superior Court Department on October 6, 2000.

The case was tried before *C. Brian McDonald,* J.

*Mark L. Stevens* for the defendant.

*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant appeals from his conviction of operating a motor vehicle under the influence of alcohol, third offense.[1] The defendant argues on appeal that the trial judge erred in (1) conducting an inadequate voir dire of a potentially biased witness; (2) disallowing the defendant's use of a peremptory challenge; and (3) restricting the defendant's cross-examination of one of the Commonwealth's witnesses. Because we conclude that the trial judge's denial of the defendant's peremptory challenge was reversible error, we do not need to reach the defendant's other claims of error.

The defendant was authorized six peremptory challenges. Prior to commencement of the defendant's trial, the trial judge conducted individual voir dires of the venire to inquire whether

---

[1] See G. L. c. 90, § 24.

the prospective jurors, their families, or their close friends had personal or professional relationships with any of the witnesses. During the individual voir dires, the defendant exercised three of his peremptory challenges. When one prospective juror (Juror X) was called, she stated that she knew the names of town police officers who would be testifying during the trial, probably because she lived in a very small town. The defendant attempted to challenge Juror X for cause. The judge accordingly inquired of Juror X to determine whether she could remain impartial. He concluded that she was indifferent, and seated her. The individual voir dires continued until the remaining jurors were seated.[2] After the last juror was selected, the judge recessed for lunch.

Upon the jurors' return from lunch, and before they were sworn, the prosecutor revealed to the judge that he had discovered that Juror X had a closer relationship with one of the Commonwealth's police witnesses than previously discussed, more than just mere acquaintance from living in the same small town. It was revealed that the arresting officer, Officer Mousseau, had been a tenant of Juror X's in-laws (Juror X's husband's brother and the brother's wife) and that Officer Mousseau's wife was currently working for Juror X's in-laws.[3] The record reveals that defense counsel again attempted to strike Juror X for cause, but the judge insisted that his earlier inquiry of the juror during the first individual voir dire had sufficiently satisfied him to conclude again that the juror was indifferent.[4] After expressing to the judge his concerns about the juror, defense counsel attempted to exercise one of his three remaining peremptory challenges to exclude her. The judge disallowed

---

[2]Twelve jurors and two alternates were selected. Juror X was juror number eight.

[3]The in-laws owned a child daycare center in which Officer Mousseau's wife was working.

[4]We note that at the time the judge conducted the first individual voir dire of Juror X and found her indifferent, defense counsel did not have knowledge of Juror X's relationship to Officer Mousseau. However, the record reveals that defense counsel, after learning of the relationship, stated that if he had known of that relationship at the time of the first individual voir dire, he would have exercised his peremptory challenge to exclude her.

the challenge. Defense counsel timely objected.[5] The defendant was subsequently convicted and this appeal ensued.

The defendant contends the trial judge abused his discretion in disallowing him use of the peremptory challenge. We agree.

Under Mass.R.Crim.P. 20(c)(2), 378 Mass. 891 (1979), a peremptory challenge "shall be made before the jurors are sworn and may be made after the determination that a person called to serve as a juror stands indifferent in the case." See *Commonwealth* v. *Johnson*, 426 Mass. 617, 626-627 (1998). A judge's erroneous disallowance of a peremptory challenge is reversible error even without a showing of prejudice. *Commonwealth* v. *Wood*, 389 Mass. 552, 564 (1983). *Commonwealth* v. *Somers*, 44 Mass. App. Ct. 920, 922 (1998).

The only pertinent issue here is whether the judge's disallowance of defense counsel's challenge was based on defense counsel's failure to comply with Mass.R.Crim.P. 20(c)(2),[6] i.e., whether defense counsel's peremptory challenge was timely. See and compare *Commonwealth* v. *Johnson*, *supra* at 627 (explaining that "if the juror has not yet been sworn, then there may be a peremptory challenge even after there has been a determination of that juror's indifference"). Contrast *Commonwealth* v. *Daye*, 435 Mass. 463, 470-471 (2001) (defense counsel's request for peremptory challenge was untimely). The Commonwealth concedes that the judge's decision was error. The record is unequivocal: defense counsel's attempt to exercise his peremptory challenge was prior to the time the jury were sworn and, therefore, was timely. The judge abused his discretion.

---

[5]The judge stated, "Well, I understand you might have chosen to exercise your right to challenge, but because the juror in my view did not conceal information, because I don't believe the questions I asked should have elicited this information, I don't believe the juror has concealed anything and therefore I'm not going to be opening the issue."

[6]As there was no insinuation that defense counsel's exercise of his peremptory challenge was motivated by discrimination against a member in a discrete group, such as a race, see generally Brown, McGuire & Winters, The Peremptory Challenge as a Manipulative Device in Criminal Trials: Traditional Use or Abuse, 14 New Eng. L. Rev. 192 (1978), Juror X's relationship to the case needed only to raise a spectre of individual bias to serve as a basis for peremptory challenge. See *Commonwealth* v. *Soares*, 377 Mass. 461, 485 (1979); *Commonwealth* v. *Maldonado*, 439 Mass. 460, 463 (2003).

Accordingly, the judgment is reversed, the verdict is set aside, and the case is remanded for further proceedings.

*So ordered.*